# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BELINDA CANADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-159-JHP |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Belinda Canada (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on July 3, 1972 and was 36 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cook and a cashier. Claimant alleges an inability to work beginning June 15, 2007 due to limitations resulting from back pain, depression,

anxiety, headaches, and problems with her knees and hands.

**Procedural History**

On September 25, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 12, 2009, an administrative hearing was held before ALJ David Engel in Tahlequah, Oklahoma. On December 23, 2009, the ALJ issued an unfavorable decision on Claimant's application. On March 3, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light and sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to consider all of the medical evidence and the combined effect of Claimant's impairments; (2) engaged in a faulty credibility determination; (3) reaching his RFC assessment; and (4) failing to fully develop the medical record.

**Consideration and Evaluation of Medical Record**

Claimant contends the ALJ failed to discuss her osteoarthritis, back pain or neck pain. The ALJ did determine Claimant suffered from the severe impairments of hand pain, depression, anxiety, headaches, and allied disorders. (Tr. 11). Claimant asserts the ALJ should have considered her fibromyalgia, arthritis, pain, discomfort, fatigue, difficulty concentrating, and side effects from medications in addition to and in combination with the impairments that he did find were severe.

On September 20, 2007, Claimant reported to the Community Clinic at St. Francis House, complaining of neck, back, and knee pain. She was diagnosed with chronic back pain, osteoarthritis, and depression. (Tr. 235-36).

On November 8, 2007, Claimant underwent an x-ray study of her spine. The report indicates a loss of normal curvature of the cervical spine and anterior spurring at C6-7. The physician noted

5

no obvious abnormality in images of the thoracic and lumbar spine. (Tr. 243).

On December 13, 2007, Claimant was evaluated by Dr. Rayetta Eaton in connection with her Social Security claim. Dr. Eaton acknowledged Claimant's history of hand and knee pain and swelling, headaches, depression, and anxiety. (Tr. 246, 248). She concluded Claimant had normal range of motion in her spine and extremities. (Tr. 249). She also noted arthritic nodules on Claimant's finger joints. (Tr. 250). Dr. Eaton diagnosed Claimant with mild degenerative arthritis in both hands, arthritis in the cervical spine via x-ray, and depression and anxiety by history. (Tr. 252).

On January 9, 2008, Claimant again went to the Community Clinic complaining of neck and upper back pain and numbness and tingling in her right arm. (Tr. 277). Claimant was to schedule an MRI. (Tr. 278).

On January 30, 2008, Claimant underwent a Mental Diagnostic Evaluation by Dr. Terry L. Efird, a clinical psychologist. Dr. Efird found Claimant to be cooperative, her mood was dysphoric, her affect was appropriate, her speech was unremarkable, her thoughts were logical, linear, and goal-directed. No suicidal thoughts or hallucinations were admitted. Some symptoms of depression were noted as well as indications of panic/anxiety. Dr. Efird diagnosed

Claimant at Axis I: Anxiety Disorder, NOS; Axis II: Deferred; Axis III: GAF of 55-65. (Tr. 257-58).

On January 31, 2008, Dr. Steve Owens completed a Physical Residual Functional Capacity Assessment form on Claimant. His primary diagnosis of Claimant's condition was osteoarthritis. (Tr. 263). He determined Claimant could occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk and sit for about 6 hours in an 8 hour workday, and engage in unlimited pushing and pulling. (Tr. 264). He found no other restrictions on Claimant's abilities. (Tr. 265-67).

On January 7, 2009, Claimant returned to the Community Clinic complaining of back, shoulder, hip, and hand pain. (Tr. 293). Ms. Vicki H. Moore, an advanced practical nurse, assessed Claimant with multiple joint pain. (Tr. 293). On April 17, 2009, Ms. Moore assessed Claimant with myalgia and multiple joint pain. (Tr. 289).

At the administrative hearing, Claimant testified that her doctors had limited her to lifting no more than 12 pounds and did not know about any other limitations. (Tr. 41). She stated that she had been diagnosed with fibromyalgia at the Community Clinic and was taking medication for the condition. (Tr. 44, 46). She testified her hands hurt constantly, that the arthritic knots in her fingers were very sore, and that she had little grip in her

hands. (Tr. 47-49).

Claimant also testified that her back pain limited her ability to stand for no more than 30 minutes. (Tr. 50, 51). Claimant stated her ability to sit was affected and after waiting 45 minutes for the hearing, she was stiff getting out of the car and trying to walk. (Tr. 51). Claimant acknowledged needing assistance getting dressed some days, avoiding anything requiring buttoning. (Tr. 54-55).

In his decision, the ALJ determined Claimant could perform a full range of light and sedentary work. She was found to be unable to climb ropes, ladders, and scaffolds, and was unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. The ALJ determined Claimant could understand, remember, and carry out simple to moderately detailed instructions in a work-related setting, but no detailed to complex instructions on a sustained basis, and was able to interact with co-workers and supervisors, under routine supervision. (Tr. 13). He also determined had mild restriction in daily living, mild difficulties in social functioning, and moderate difficulties with concentration, persistence or pace. These limitations, however, were insufficient in severity and duration to constitute an impairment. (Tr. 12).

The ALJ considered the reports of Drs. Eaton and Efird. (Tr. 15-16). He did not find limitations from their findings which would impose greater restrictions than provided in the RFC.

Claimant contends the ALJ should have considered her fibromyalgia. The only medical record indicating a diagnosis of "myalgia" was that of Ms. Moore. Claimant herself could only find a limitation in the ability to lift to 12 pounds which would still permit her to perform sedentary work. 20 C.F.R. §§ 404.1567(a), 416.967(a). The ALJ did not err in failing to include Claimant's myalgia as an impairment.

Claimant also asserts the ALJ should have considered her difficulty in concentrating. The ALJ did so, finding moderate difficulties. The medical record does not indicate further restriction in her ability to perform work. Indeed, the report of Dr. Efird found little restriction in Claimant's ability to perform cognitive tasks. (Tr. 258-59). No error is attributed to this consideration.

Claimant's arthritis pain was also considered by the ALJ. Testing did not support a finding that the pain was disabling. Claimant was diagnosed with only mild arthritic changes in her hands with little effect upon her grip strength and range of motion. (Tr. 250-52).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). In this case, the evidence supporting a finding of impairment on the conditions described by Claimant was lacking. The ALJ's findings are supported by the evidentiary record.

**Credibility Assessment**

The ALJ found Claimant's allegations of limitation were not supported by record. She could perform the majority of her daily activities on her own such as driving, shopping, handling personal finances, and interacting with her children and grandchildren (Tr. 258). The ALJ also found Claimant could control her impairments with medication. (Tr. 15). The level of her limitations to which she testified were not supported by the medical record. Diaz v. Sec. of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such,

will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. In this case, the ALJ properly linked his findings on credibility to the medical record.

### RFC Assessment

Claimant contends the ALJ's RFC findings were not supported by the medical record. The ALJ accounted for all of Claimant's limitations in reaching his RFC. His hypothetical questioning of the vocational expert included these limitations and he properly

11

relied upon the expert's testimony in finding sufficient jobs were available in the national and regional economy at Claimant's RFC.

**Duty to Develop the Record**

A social security disability hearing is nonadversarial and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993).

Claimant contends the ALJ failed to adequately develop the record by not ordering an MRI of her lumbar spine as was ostensibly scheduled in the medical record from the Community Clinic. (Tr. 278). Claimant might be correct if any evidence existed in the medical record to indicate any problem with the lumbar spine area. X-ray images of the lumbar region taken in November of 2007 showed "[n]o obvious abnormality" in the lumbar spine. (Tr. 243). The

physical consultative examination performed on Claimant showed no restrictions which would cause concern that Claimant's lumbar spine was impaired at some level. (Tr. 263-70). Without some indication which would require further testing, the ALJ was under no obligation to order it done so as to fulfill his duty to adequately develop the record.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 7th day of September, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE